STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RUSSELL FORD, ALIAS RUSSELL HICKS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Considered November 4, 1966—Decided November 10, 1966.

496

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. Russell Ford,* defendant-applicant, *pro se.*

PER CURIAM. Defendant, acting *pro se,* has filed a motion requesting that this court rescind its order of July 18, 1958 authorizing the Somerset County Treasurer to demand that defendant's institutional earnings be withheld to reimburse the county for the cost of preparing a transcript of his post-conviction relief proceedings.

In December 1952 defendant was sentenced by the Somerset County Court to life imprisonment as an habitual criminal under *N. J. S.* 2A:85–12. He subsequently instituted post-conviction relief proceedings to vacate that conviction as illegal. There was a hearing on the motion on February 28, 1958, resulting in a denial by the County Court judge on March 11, 1958. Defendant appealed from that order, and paid the filing fee. He then petitioned this court for a free transcript. On July 18, 1958 we ordered that an original and copy of the February 28, 1958 County Court proceedings be prepared, and directed that the cost thereof be certified to the Somerset County Treasurer pursuant to *N. J. S.* 2A:152–17. In accordance with *N. J. S.* 2A:152–18 the County Treasurer eventually filed a notice of the amount paid for the transcript, $60.75, to be reimbursed to the county out of defendant's institutional earnings in the event the appeal proved unsuccessful. On January 7, 1959 this court, in a *per curiam* opinion, affirmed the County Court order of March 11, 1958, thus setting in motion the reimbursement statute.

The State Prison authorities, having in time accumulated $60.75 from defendant's institutional earnings, forwarded a check in that amount to the Somerset County Treasurer in February 1964 to reimburse the county for the cost of the transcript in question.

Defendant was successful in having his life sentence set aside in June 1965. He was then resentenced by the Somerset County Court to successive State Prison terms aggregating

25–35 years. Defendant challenged the validity of the resentence on appeal to this court (*Docket* A 785-65). On October 27, 1966 we modified the sentence so that defendant would have to serve not less than 20 nor more than 28 years.

Defendant now moves that we rescind our order of July 18, 1958 authorizing reimbursement of the transcript cost, and direct the Somerset County Treasurer to pay back the $60.75 withheld from his earnings.

As noted, defendant did not succeed in the 1958 appeal which required the preparation of the transcript. We do not read *Rinaldi v. Yaeger,* 384 *U. S.* 305, 86 *S. Ct.* 1497, 16 *L. Ed. 2d* 577 (May 31, 1966), wherein the United States Supreme Court held *N. J. S.* 2A:152–18 unconstitutional, as requiring retroactive application. If defendant possesses any possible right to the money withheld from his institutional earnings, that right is civil in nature.

The motion is denied.